Filed 6/21/23  P. v. Garcia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084328 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF63381) |
| v. | |
| MARIO AMARAL GARCIA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Law Office of Martin Baker and Martin Baker for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a jury trial and is authorized by Penal Code section 1237, subdivision (a).[1]

---

[*] Before Levy, Acting P. J., Smith, J. and Snauffer, J.

[1] All statutory references are to the Penal Code unless otherwise stated.

## STATEMENT OF THE CASE

On May 17, 2021, appellant Mario Amaral Garcia was arraigned on an information alleging that he, along with codefendant Angelica Armendariz, committed a first-degree burglary (§ 459, count 1).

Following a jury trial during which neither Garcia's or Armendariz's trial counsel presented an opening statement or any evidence, both Garcia and Armendariz were both found guilty as charged.[2]

Garcia filed a motion for a new trial, claiming that his speedy trial rights were violated, appointed counsel was ineffective for not fully developing a defense before trial, and the verdict was unsupported by the evidence. Garcia's motion was denied and, on April 8, 2022, he was placed on two years formal probation and ordered to serve six months in county jail with 46 days custody credit and 46 days conduct credit, followed by five months of electronic home detention.

On May 11, 2022, Garcia filed a timely notice of appeal.

## STATEMENT OF FACTS

T.H. lived in a combined commercial and residential property known as "Ferndale" on Highway 120 in Tuolumne County. The main building on the property was a former bar and restaurant with T.H.'s living quarters taking up the second story.

Around 11:00 a.m. on May 10, 2020, T.H. set off to his friend B.P.'s farm a few miles away. Before he left, he secured a locked cable across his driveway, and locked the main building, as well as a tool room and a storage container located on the property.

While at B.P.'s farm, T.H. called Tuolumne County Sheriff's Deputy Eric Worthington to provide him with information about a recent burglary at Ferndale. Because Deputy Worthington was close by, he went to the farm to meet with T.H. in

___

[2] However, both defense counsel engaged in extensive cross-examination of the witnesses, and also made closing arguments. Both defendants personally advised the court that they did not wish to testify after being advised of their rights.

person. Just as Deputy Worthington arrived, B.P.'s son told T.H. that he had just heard that the front door at Ferndale was wide open, as was the door to the storage container, and there was a Ford pickup truck with a trailer on the property. T.H. passed this information on to Deputy Worthington who turned his car around and headed directly to Ferndale, followed by T.H., B.P., and B.P.'s son.

When they all arrived at Ferndale, they stopped about 75 feet from the main building. A barrier put in place by T.H. had been moved out of the way, and there was a pickup truck with a trailer backed up by the storage container. As Deputy Worthington and T.H. got out of their cars, a female came out of the front door of the main building with items in her hands and one of T.H.'s hats on her head. When Deputy Worthington told her to put down the items and approach with her hands up, she ran around the back of the building. Around the same time, T.H. saw a male looking out of the upstairs living room window. The male hurried away from the window after Deputy Worthington made announcements on his loudspeaker. Deputy Worthington then took a position closer to the building and waited for backup.

While waiting for more deputies to arrive, T.H. heard the sound of people rustling through the brush on the hillside behind the property. When more deputies arrived and looked around the property, it became apparent that several items had been taken from the storage container, the tool room, and the residence. Several items from the storage container had been placed in the back of the pickup truck. A purse containing Armendariz's phone and driver's license was found inside the truck.

After about two and a half hours, law enforcement left the scene. T.H. then began driving around the area on his own. After a short while, T.H. saw one male (later identified as Garcia) walking downhill in the middle of the road. T.H. drove past him and called the police.

When Deputy Daniel West arrived at the location described by T.H., he saw Garcia and Armendariz duck down behind some brush together in an apparent attempt to

3.

conceal themselves. Deputy West got out of his car and called out to Garcia and Armendariz, both of whom then stood up and walked toward them. Each of them had scratches on their exposed skin.

When T.H. drove back around, he saw the couple had already been detained, and he continued to his home. He was then brought by law enforcement to the site of the detention where he identified Garcia and Armendariz as the burglars, based primarily on their clothing. T.H. also identified them as the burglars at trial.

## APPELLATE COURT REVIEW

Garcia's appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Garcia was advised he could file his own brief with this court. By letter on February 16, 2023, we invited Garcia to submit additional briefing.

In response to our invitation, Garcia filed a supplemental letter brief on March 20, 2023, which we have read and considered. However, he presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Garcia.

## DISPOSITION

The judgment is affirmed.

4.